THE STATE OF OHIO, APPELLANT, *v.* MCAFEE, APPELLEE.

(No. C-840829 — Decided July 10, 1985.)

Arthur M. Ney, Jr., prosecuting attorney, and *William E. Breyer*, for appellant.

*Richard C. Curry* and *Charles H. Bartlett, Jr.*, for appellee.

*Per Curiam.* This case came on to be heard upon an appeal from the Hamilton County Municipal Court.

The state appeals from the trial court's granting of defendant's motion to suppress two items of physical evidence seized from defendant in connection with allegations of shoplifting a bottle of nail polish. The two items are the bottle of nail polish and a store "receipt," both of which were taken from her purse by the arresting officer. We sustain the single assignment of error in which the state asserts that the court erred in granting the motion to suppress.

Under R.C. 2935.041(A), (C) and (E), a merchant and his employees who have probable cause to believe that items of merchandise have been unlawfully taken by a person may detain that person in a reasonable manner within the mercantile establishment or its immediate vicinity, in order to recover the stolen property, to cause an arrest to be made by a "peace officer" or to obtain a warrant of arrest. The summoned police officer "may arrest without a warrant any person * * * that he has probable cause to believe has committed an unlawful taking in a mercantile establishment." R.C. 2935.041(E).

Defendant contended, and the trial court agreed, that the arrest was unlawful because there was no probable cause to arrest. Defendant does not dispute the existence of probable cause for the merchant's employees, but he focuses our review on the arresting officer's probable cause.

Officer Mike Patterson, a Hamilton County Deputy Sheriff, was summoned to the SuperX store in the Beechmont Mall, Hamilton County, by store personnel. He found several persons outside the store, including defendant, her husband, the assistant store manager, James Gordon Miller, and the store manager, Steve Wing. Officer Patterson testified that he was told by Mr. Miller

that "this lady forgot to pay for some merchandise," and "we think she shoplifted and we want to prosecute." The officer asked defendant whether this was true, but she refused to talk to him. She would not say one way or the other whether she had stolen anything. Mr. Miller testified that he told the officer that he asked defendant for the "receipt" and she refused, that he had observed her place a bottle of nail polish in her purse, that she did not go through any check-out line, and that she said she had a receipt. The entire group went to a room inside the store. Officer Patterson expressly placed defendant under arrest and then demanded to see her purse. Upon her refusal, he found it necessary to use a modicum of force to take the purse from her grasp. It contained a bottle of nail polish in its display packaging and a sales receipt from the store. (The price of the nail polish does not meet the price shown on the receipt.)

Defendant argues that Officer Patterson had no more than a suspicion about the theft. That argument is based on defense counsel's choice of words when he cross-examined the arresting officer and the store manager. For instance, counsel asked the officer whether the store personnel informed him they "suspected" defendant of shoplifting, and the officer responded, "yes," without explaining the scope of his "suspicion." The information communicated to the officer, however, together with his own observation of defendant's conduct, constituted more than "mere suspicion." It was, in our judgment, probable cause to believe defendant had shoplifted a bottle of nail polish.

At the conclusion of the hearing, the court granted the motion to suppress in the following words:

"I'm going to grant the motion because I think although there was probable cause I think there was an unlawful arrest. The testimony of Officer Patterson is that he seized the purse to search, not for a weapon, but for items that were seen being placed in the purse."

The second sentence is a finding of fact that the purse was seized and searched for items that were seen placed in it. The evidence was clearly sufficient to support that finding. The first sentence is not a finding of fact but a conclusion of law (or mixed statement of fact and law). It contains an obvious inconsistency: there was probable cause but the arrest was unlawful. The final conclusion is erroneous.

We hold that the officer had probable cause to believe that the defendant had committed a theft, that the arrest was lawful, and that the seizure and search of the purse were incident to that arrest. A woman's purse while in her possession is equivalent to the pockets in men's clothing; it is not a container that is so removed from the woman's control (such as, luggage or packages while somewhere else) as to fall outside the scope of a reasonable search incident to arrest. State v. Ritchie (Aug. 11, 1982), Hamilton App. No. C-810658, unreported.

We reverse the order granting defendant's motion to suppress, and remand this case for further proceedings.

*Judgment reversed and case remanded.*

BLACK, P.J., KEEFE and KLUSMEIER, JJ., concur.