The STATE of Ohio, Appellee,

v.

ROBINSON, Appellant.

[Cite as *State v. Robinson* (1998), 131 Ohio App.3d 356.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–970668.

Decided June 26, 1998.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *William Breyer,* Assistant Prosecuting Attorney, for appellee.

*Richard J. Goldberg,* for appellant.

MARIANNA BROWN BETTMAN, Judge.

Defendant-appellant, Donna S. Robinson, appeals from her conviction and sentence for possession of cocaine in violation of R.C. 2925.11(A). In her sole assignment of error, she argues that the trial court erred in overruling her motion to suppress evidence. We agree.

Acting on the information of plain-clothed officers, Cincinnati Police Specialist Ken Isham responded to a local bar, the Yacht Club, to question Robinson regarding alleged possession of marijuana. On arriving at the bar, the officer observed Robinson go inside carrying a white purse. When Officer Isham asked Robinson to step outside the club, she complied, but left her purse inside on the bar. When Isham then asked Robinson for identification, she gave the officer her name without providing any documentation. Thereafter, she was patted down for weapons and placed in the back of Isham's cruiser. Nothing was found during the patdown. While another officer ran a computer query on Robinson, Isham went into the bar and retrieved Robinson's purse, which he then placed on the hood of his cruiser. At all times, Robinson remained in the back of the cruiser and was not free to leave. Upon the discovery of an "open warrant" on Robinson for a parking ticket, she was read her *Miranda* rights and placed under arrest. Officer Isham then conducted a warrantless search of Robinson's purse without her consent and discovered a small package of cocaine. The package of cocaine was the subject of the motion to suppress.

The state argues that the trial court correctly declined to suppress the cocaine because it was found during a search pursuant to a lawful arrest. As a justification, this is too broadly stated. Generally, absent consent or a recognized exception, a warrant is required for a search. One exception to the warrant requirement is a reasonable, limited search incident to a lawful, custodial arrest. *Chimel v. California.*[1] To be a valid search incident to a lawful arrest, however, the warrantless search must be limited to the arrestee's person and the area within her immediate control. *Id.* See, also, *State v. Brown*[2] and *State v. Burnette.*[3] This exception exists as a means to protect the arresting officer's safety by denying the person arrested access to any weapons, and, moreover, as a means to prevent the destruction of evidence. *State v. Rodriguez.*[4]

---

1. (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.

2. (1992), 63 Ohio St.3d 349, 588 N.E.2d 113. For an excellent analysis of the development of the law in this area, see *State v. Myers* (1997), 119 Ohio App.3d 376, 695 N.E.2d 327.

3. (July 10, 1996), Hamilton App. No. C–950887, unreported, 1996 WL 382965.

4. (1992), 83 Ohio App.3d 829, 833, 615 N.E.2d 1094, 1097.

■ Normally, a woman's purse is within her immediate control. In that instance, a search of her purse incident to a lawful arrest would be permissible. See, *e.g., State v. Mathews.*[5] See, also, *State v. McAfee.*[6] The facts and circumstances of each particular situation, however, must be examined to determine whether the justification for the warrantless search existed.

In this case, Robinson had already been patted down, satisfactorily identified, and secured in the back of Officer Isham's cruiser. Her purse was nowhere near her and utterly outside her immediate control. Thus, the limited permissible justification for the warrantless search incident to lawful arrest did not exist. Accord *State v. Myers* (suppressing evidence obtained from the search of a purse lying on a table after defendant was arrested and handcuffed).

Accordingly, the trial court erred in denying Robinson's motion to suppress the evidence of cocaine in this case, its judgment is reversed, and this cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

SUNDERMANN, P.J., and PAINTER, J., concur.

---

5. (1976), 46 Ohio St.2d 72, 75 O.O.2d 150, 346 N.E.2d 151.

6. (1985), 26 Ohio App.3d 99, 26 OBR 274, 498 N.E.2d 204.