OPINION
{¶ 1} Defendant-appellant Danny J. Courts, II, appeals from his conviction and sentence, following a no-contest plea, for Possession of Crack Cocaine. Courts contends that the trial court erred by denying his motion to suppress evidence. We conclude that the trial court properly denied the motion to suppress. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} At about 4:45 p.m. on May 7, 2003, the car Courts was driving, a Ford Crown Victoria, came to the attention of Dayton police officers Rodney Barrett and James Mullins. Both officers testified that they observed Courts' passenger-side window, and concluded that it was overly tinted. Both police officers, who had made 35 to 40 stops for tinted windows in the previous year, estimated that Courts' passenger-side window was allowing only 35% of the light through. They testified that the legal limit is that at least 50% of the light must come through the window.
 {¶ 3} Based upon their observations, the officers decided to stop Courts. They waited to see if Courts would drive past them. When he did, the officers activated their overhead lights, and stopped Courts.
 {¶ 4} Even before the officers made the stop, they ran Courts' license plate number through their on-board computer. The information they received was that the owner of the car, Courts, had previously been stopped on more than one occasion where drugs, or guns and drugs, had been found. The officers knew this when they approached Courts' stopped car, Barrett approaching the driver's side, and Mullins approaching the passenger side. Because of the tinted windows, making it somewhat difficult, although not impossible, to see in, and the information about previous incidents involving drugs, the officers decided to use caution in their approach.
 {¶ 5} Barrett asked Courts to step outside of the car. Mullins, who had been at the passenger side of the car, walked around behind the car to the driver's side, as Courts was getting out of the car. Mullins saw a plastic baggie fall out of the car as Courts got out. Based upon his prior experience, Mullins concluded that the plastic baggie contained crack cocaine.
 {¶ 6} Mullins told Barrett, who had not seen the baggie, to handcuff Courts, and Barrett did so. Mullins then pointed out the baggie to Barrett. The officers field-tested the contents of the baggie, which tested positive for crack cocaine.
 {¶ 7} Mullins had his own tint meter. He testified that he had calibrated his tint meter the previous day. Mullins tested the driver's side window with the tint meter, which gave a reading of 37% for the amount of light passing through the driver's side window. Mullins and Barrett both testified that the driver's side window and the passenger's side window appeared to their eyes to be tinted equally. The front and rear windows were either not tinted, or were tinted to a much lesser degree.
 {¶ 8} Courts was cited for a seat-belt violation, and a tinted-windows violation. He was also arrested, and later charged by indictment, for Possession of Crack Cocaine. Courts moved to suppress the evidence obtained against him, contending that it was obtained as the result of an unlawful search and seizure. Following a hearing, the trial court overruled Courts' motion to suppress. Thereafter, Courts pled no contest to Possession of Crack Cocaine, was found guilty, and was sentenced accordingly. From his conviction and sentence, Courts appeals.
 II {¶ 9} Courts' sole assignment of error is as follows:
 {¶ 10} "The court prejudicially erred in finding that the stop, detention, search, seizure and arrest of the defendant was permitted by the ohio constitution there being no reasonable, articulable suspicion that the defendant was then and there in the commission of a crime or had committed a crime and requiring the defendant out of his car on an alleged minor misdemeanor violation of excessive window tint."
 {¶ 11} Although Courts testified, at his suppression hearing, that his windows were rolled down, it being a hot day, so that the police officers could not have observed excessive window tint, this testimony was in conflict with the testimony of both police officers, there was nothing inherently implausible in the testimony of the police officers, and the trial court was permitted to find the testimony of the police officers to be more credible in this regard.
 {¶ 12} A police officer who, based upon his observations and experience, has a reasonable and articulable suspicion that the windows on a motor vehicle are excessively tinted, may stop the car for the purpose of issuing a citation for excessive window tinting. State v. Terry (July 14, 2000), Montgomery App. No. 18166, 2000 WL 966566.
 {¶ 13} When a police officer lawfully stops a car to issue a traffic citation, the officer may order the driver out of the car. Pennsylvania v. Mimms (1977), 434 U.S. 106, 98 S.Ct. 330;State v. Perkins, 145 Ohio App.3d 583, 2001-Ohio-1463,763 N.E.2d 715. As Courts was exiting the car, the plastic baggie containing crack cocaine fell from the car to the ground, where it was in the plain view of police officer Mullins, who, based upon his experience, immediately recognized it for what it was. A police officer may seize contraband within the officer's plain view so long as the officer's initial intrusion leading to the discovery of the contraband is lawful, the incriminating nature of the contraband is immediately apparent, and the police officer had a lawful right of access to the location of the contrabandCincinnati v. Langan (1994), 94 Ohio App.3d 22, 640 N.E.2d 200;State v. Willoughby (1992), 81 Ohio App.3d 562.
 {¶ 14} Courts, who has predicated his assignment of error upon his rights under the Ohio Constitution, cites State v.Jones (2000), 88 Ohio St.3d 430, 727 N.E.2d 886, and State v.Brown (2003), 99 Ohio St.3d 323, 792 N.E.2d 175, for the proposition that subjecting a defendant to a full custodial arrest for a minor-misdemeanor offense, in violation of R.C.2935.26(A), violates Section 14, Article I, of the Ohio Constitution, even if it does not violate the Fourth Amendment to the United States Constitution. We agree.
 {¶ 15} Of course, Courts was not being arrested when he was merely asked to step out of his car. At that time, the police officers were merely investigating a window-tint violation, with a view to issuing Courts a citation for a window-tint violation. It was not until the discovery of the plastic baggie containing crack cocaine that Courts was arrested.
 {¶ 16} Courts' sole assignment of error is overruled.
 III {¶ 17} Courts' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
Wolff and Young, JJ., concur.