OPINION
{¶ 1} On September 30, 2005, the Licking County Grand Jury indicted appellee, John Mackey, on two counts of trafficking in cocaine in violation of R.C. 2925.03 and three counts of possession of cocaine/crack cocaine/marijuana in violation of R.C. 2925.11.
 {¶ 2} On November 15, 2005, appellee filed a motion to suppress, claiming unreasonable search and seizure. A hearing was held on December 12, 2005. By judgment entry and nunc pro tunc judgment entry filed January 30, 2006 and January 31, 2005, respectively, the trial court suppressed appellee's oral and written statements made to the police.
 {¶ 3} Appellant, the State of Ohio, filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION TO SUPPRESS. AS DETERMINED BY THE TOTALITY OF THE CIRCUMSTANCES, THE APPELLEE'S CONSENT TO ENTER THE APARTMENT WAS VOLUNTARY, AS WAS THE CONSENT TO SEARCH. CONSEQUENTLY, THE SO-CALLED `ATTENUATION DOCTRINE' WOULD NOT PRECLUDE THE APPELLANT'S USAGE OF THE APPELLEE'S SUBSEQUENT ORAL AND WRITTEN STATEMENTS."
 I {¶ 5} Appellant claims the trial court erred in granting appellee's motion to suppress as appellee consented to the entrance and search of his apartment. Appellant claims appellee's statements should not have been suppressed. We disagree.
 {¶ 6} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; Statev. Klein (1991), 73 Ohio App.3d 485; State v. Guysinger
(1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v.Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623;Guysinger. As the United States Supreme Court held in Ornelasv. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 7} In suppressing appellee's statements, the trial court stated the following:
 {¶ 8} "Initially, the Court finds the search of the Defendant's apartment to be impermissible. The Defendant was handcuffed and a request made to enter his apartment which was locked and which was then searched. The circumstances of the Defendant being accosted outside of a locked room and being requested to enter after being handcuffed and told he could be placed under arrest does not lend itself to a finding of voluntariness. Even though not arrested, the Defendant was in custody and the situation seems inherently coercive. SeeSchneckloth v. Bustamonte, 412 U.S. 218 (1973).
 {¶ 9} "Regardless of the exact context of the oral or written statements given by the Defendant at the police department or in the Defendant's apartment, the statements appear to flow directly from the illegal entry and search of the Defendant's apartment. He was handcuffed and taken into his apartment, close quarters with armed policemen, and again handcuffed for transportation in a marked cruiser to the Newark Police Department where his written statement was given. On that basis the Court finds the written statement of April 28, 2005 referred to as Exhibit 1 and oral statements to be a continuing product of an involuntary search and in the totality of the circumstances find they lack sufficient indicia of voluntariness, and therefore the Court orders this suppressed also; see City of Lakewood v. Smith, 1 Oh. St. 2d 128 (1965); State v. Bailey, 1989 WC 74861 (Oh. Ct. App. 4th Dist. Scioto County, 1989). It is so ORDERED." See, Nunc Pro Tunc Judgment Entry filed January 31, 2006.
 {¶ 10} We note essentially the facts are not in dispute. The police were looking for appellee because of two controlled buys appellee was involved in. T. at 8-9. The officers knocked on appellee's door, identified themselves and stated they needed to talk to him. T. at 10. Appellee emerged and was immediately handcuffed. T. at 11. The officers told appellee he was not under arrest, just "detained." Id. The officers asked to step into appellee's apartment and appellee agreed. T. at 12. Three officers entered the apartment. T. at 14. Once inside the apartment, the officers explained "we've had two controlled buys on you." T. at 13. Appellee was then uncuffed after he promised to behave himself. T. at 15. When asked if he had any drugs inside the apartment, appellee initially denied having any, and then pointed to where the drugs were hidden. Id. After the contraband was found, appellee admitted to selling drugs. T. at 15-16.
 {¶ 11} The officers admitted they offered not to "tear your place up" if appellee would cooperate and point out where the drugs were located. T. at 17. One of the officers claimed he "had no intention of arresting him at that point." T. at 18. Thereafter, the officers took appellee out of his apartment and transported him to the police station, handcuffed. T. at 19, 35. At the police station, the officers told appellee he was not under arrest and was "free to go." T. at 20. In his written statement, appellee stated "he knew that he wasn't under arrest when he came down, and that he had actually given us permission to search his apartment." Id.
 {¶ 12} The issue sub judice is the interpretation of the facts during the initial contact at appellee's apartment.
 {¶ 13} The officers stated the handcuffing of appellee was done for detention and implied officer safety because of the comings and goings at the "rooming house," "a drug house, also." T. at 12. Appellee testified after he opened his door and saw the officers, he attempted to lock his door and kick it closed. T. at 31. Appellee was "slammed into the wall," choked and handcuffed. Id. Appellee stated he did not feel free to leave and asked the officers if they had a warrant. T. at 32. Appellee begrudgingly let the officers use his key that they took off of him to enter his apartment, although he preferred they "still have a warrant to open the door." T. at 33. Appellee "gave consent" because he figured he "had no choice." Id.
 {¶ 14} The trial court found the "indicia of voluntariness" to be lacking because of the nature of the initial confrontation, entry and search. As the Supreme Court of Ohio noted in State v.Dailey (1990), 53 Ohio St.3d 88, paragraph two of the syllabus, voluntariness relies on the absence of "evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct."
 {¶ 15} The determination of the facts and the credibility of the witnesses rests in the trial court's sound discretion. Statev. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990),498 U.S. 881. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983) 5 Ohio St.3d 217.
 {¶ 16} As noted earlier, it is not the facts that control but the subjective interpretation of the facts. It was the trial court's interpretation of the facts that appellee's will was overborne by the circumstances of his "detention" at his apartment.
 {¶ 17} As recognized by the United States Supreme Court inUnited States v. Watson (1976), 423 U.S. 411, the issue of voluntariness rests with the particular facts of each case. The trier of fact sub judice was the trial court and it is upon the trial court's interpretation of the facts that our decision must lie. Furthermore, the test for voluntariness rests on the "totality of the circumstances." Katz, Ohio Arrest, Search and Seizure (2006) 420-421, Section 19:4. "Presumably by examining all of the circumstances, the hearing court will be able to distinguish between a voluntary consent and an acquiescence to authority." Id. "The focus must be on the police behavior and the effect of that behavior on the consenting party." Id. at 422-423, Section 19:6.
 {¶ 18} Upon review, we find the trial court's analysis to be correct. Appellee was not in favor of the consensual encounter as demonstrated by his failure to answer the door after uniformed officers announced their presence and his attempt to kick the door shut. Appellee repeatedly asked the officers if they had a "warrant." Appellee, although being told he was not under arrest, was handcuffed prior to the consent to enter and consent to search. He was also handcuffed when transported to the police department.
 {¶ 19} Although the officers claimed appellee was free to leave after getting consent to enter his apartment, the use of handcuffs belies this assertion. It is hard to fathom that appellee could discern between the nuances of just being "detained" versus arrest. Accordingly, we find the trial court was correct in finding appellee's statements to the police were the product of the nonconsensual entrance and search of appellee's apartment. The trial court did not err in granting appellee's motion to suppress.
 {¶ 20} The sole assignment of error is denied.
 {¶ 21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.