OPINION
{¶ 1} Defendant, Aaron Mackey, appeals from his conviction and sentence for carrying a concealed weapon.
 {¶ 2} On January 15, 2007, at 10:48 a.m., while Dayton police Sergeant Steven Abney and Officer David Blackburn were
traveling westbound on West Stewart Street near Germantown *Page 2 
Street, they passed a GMC Yukon that was eastbound on West Stewart Street. Sergeant Abney could not clearly see into the driver's side window due to the dark window tint. Sergeant Abney initiated a traffic stop of the Yukon for a window tint violation.
 {¶ 3} As Sergeant Abney pulled his cruiser in behind the Yukon, he could make out the outline of only one person in the vehicle, the driver, Defendant Aaron Mackey. Defendant appeared to be reaching toward the center console. As Sergeant Abney and Officer Blackburn approached the vehicle, Defendant turned to his right and reached for the center console area again. Defendant then placed both hands outside of the vehicle.
 {¶ 4} When the officers neared the vehicle, Defendant turned and looked at them, and then brought his right arm back inside the vehicle and reached for the center console a third time. The officers ordered Defendant to place both hands outside the window, and they handcuffed Defendant and removed him from the vehicle due to his furtive movements.
 {¶ 5} While the officers were interacting with Defendant, they detected an extremely strong odor of marijuana coming from inside the vehicle. Sergeant Abney searched the center console and discovered marijuana and a loaded handgun. *Page 3 
Defendant was then placed under arrest. Sergeant Abney subsequently tested the window tint and found it to be in violation of State law, although no citation was issued for that offense.
 {¶ 6} Defendant was indicted on one count of carrying concealed weapons, R.C. 2923.12(A)(2), and one count of improper handling of a firearm in a motor vehicle, R.C. 2923.16(B). Defendant filed a motion to suppress evidence. Following a hearing, the trial court overruled Defendant's motion to suppress. The trial court concluded that the police had probable cause to stop Defendant's vehicle for the window tint violation, and that based upon Defendant's furtive movements the police properly searched the center console for their safety.
 {¶ 7} Defendant entered a plea of no contest to the carrying concealed weapons charge, in exchange for a dismissal of the other charge. The trial court sentenced Defendant to five years of community control sanctions. Defendant timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR {¶ 8} "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS."
 {¶ 9} In a motion to suppress, the trial court assumes the *Page 4 
role of the trier of fact and, as such, is in the best position to resolve questions of fact and evaluate the credibility of the witnesses.State v. Clay (1972), 34 Ohio St.2d 250. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's legal conclusion, whether that evidence satisfies the applicable legal standard. State v. Retherford (1994), 93 Ohio App.3d 586.
 {¶ 10} Defendant argues that either Sergeant Abney could see through the windows of his vehicle or he could not. If Sergeant Abney could not see in Defendant's windows, then the stop of the vehicle for a window tint violation was legal. But, in that event, Officer Abney could not have also observed the furtive movements Defendant allegedly made in reaching down toward the vehicle's center console. Because the officers relied on evidence of Defendant's furtive movements to search the vehicle, the search of that vehicle and the center console area was necessarily illegal. On the other hand, if Sergeant Abney could see in Defendant's vehicle, then the stop of the vehicle for a window tint violation was illegal. Either way, the search of the vehicle's center *Page 5 
console was illegal, and the loaded handgun and marijuana found therein should have been suppressed. We disagree.
 {¶ 11} A review of the testimony presented at the suppression hearing demonstrates that the tint on the windows of Defendant's vehicle was sufficiently dark that Sergeant Abney could not clearly see in the driver's window, which caused Abney to suspect a window tint violation. Accordingly, Sergeant Abney initiated a traffic stop of Defendant's vehicle. Sergeant Abney's reasonable suspicion of a window tint violation justified the traffic stop of Defendant's vehicle. Dayton v.Erickson, 76 Oho St.3d 3, 1996-Ohio-431. A police officer who, based upon his observations and experience, has a reasonable, articulable suspicion that the windows on a motor vehicle are excessively tinted, may stop the vehicle for purposes of issuing a citation for excessive window tinting. State v. Courts, Montgomery App. No. 20328,2004-Ohio-3789.
 {¶ 12} Sergeant Abney, a twenty-five year veteran of the Dayton Police Department, testified that he has substantial experience in recognizing window tint violations. Every traffic stop he has made for window tint violations has resulted in a citation for that violation. Based upon his observations of Defendant's windows and his prior experience, *Page 6 
Sergeant Abney reasonably suspected that Defendant's windows were excessively tinted, which justified his traffic stop of Defendant's vehicle. Erickson; Courts. Abney's suspicions were confirmed when he tested Defendant's windows with a window tint meter, which revealed that only 41% of the light was passing through those windows. State law requires a minimum of 50% light transmittal. Sergeant Abney chose, however, to not issue a citation to Defendant because his practice is to charge individuals only when the light transmittal rate is 35% or less, which was within his discretion.
 {¶ 13} Defendant testified that his windows would allow 50% light transmittal, and therefore did not violate State law, and he introduced photographs of his vehicle which demonstrate that one can see through its windows. Defendant claimed that the photographs depict his vehicle just as it was when it was stopped. Sergeant Abney testified that the tint depicted in those photographs was "not nearly as dark" as when he stopped the vehicle. The trial court did not lose its way simply because it accepted Sergeant Abney's testimony as more credible, which it had a right to do, because the credibility of the witnesses and the weight to be given to their testimony were matters for the trier of facts, the trial court here, to *Page 7 
decide. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} Defendant posits an alternative argument that if the windows on his vehicle were too dark to see inside, as Sergeant Abney testified, then Abney could not have seen furtive movements by Defendant inside that vehicle in repeatedly reaching down toward the center console that justified a search of that area of the vehicle. Defendant's argument mischaracterizes Sergeant Abney's testimony.
 {¶ 15} Sergeant Abney testified that he could not see clearly into the driver's side window. Abney did not testify that he could not see anything at all when looking through Defendant's windows. After stopping Defendant's vehicle, Sergeant Abney observed as he approached the vehicle, through the back window, Defendant make furtive movements by repeatedly reaching down toward the center console area at least three times, as if he were retrieving or hiding something. Sergeant Abney testified that the back window was tinted but was not so dark that one could not see into the vehicle. Sergeant Abney was concerned that Defendant might be retrieving or hiding a weapon. Accordingly, for his safety and the safety of his partner, Officer Blackburn, Sergeant Abney decided to remove Defendant from the vehicle and search the center console area of the vehicle. Sergeant Abney *Page 8 
intended to allow Defendant to return to his vehicle after issuing him a citation for the window tint violation, and Abney was concerned about Defendant possibly gaining access to weapons that may have been hidden in the center console area of the vehicle.
 {¶ 16} Defendant's furtive movements, coupled with the officers' restricted view into the vehicle due to the darkly tinted windows, gave rise to a reasonable suspicion that Defendant might be armed and that he posed a danger to the officers which justified their protective search of the center console area of the vehicle for weapons. State v.Smith, Montgomery App. No. 22279, 2007-Ohio-7156, State v.Rutledge, Montgomery App. Mo. 21854, 2007-Ohio-1662; Michigan v.Long (1983), 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201.
 {¶ 17} We further note that once Sergeant Abney arrived at the driver's side of the vehicle and was interacting with Defendant, he detected an extremely strong smell of marijuana coming from the vehicle. Abney's suspicions of drug activity, coupled with Defendant's furtive movements, provided even more justification for a protective search of the interior of this vehicle. State v. Roberts, Montgomery App. No. 21221, 2006-Ohio-3042. Defendant's Fourth Amendment rights were not violated by the traffic stop for a window tint violation, or *Page 9 
by the subsequent protective search of the vehicle's interior that was limited to the console area where a weapon might be hidden. The trial court properly overruled Defendant's motion to suppress the evidence.
 {¶ 18} Defendant's assignment of error is overruled. The judgment of the trial court will be affirmed.
DONOVAN, J. And GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Mark J. Keller, Esq.
Candi S. Rambo, Esq.
Hon. John D. Schmitt
 Hon. Michael T. Hall *Page 1