OPINION
{¶ 1} Neal Williams pled no contest to possession of crack cocaine, a first degree felony, after the Montgomery County Court of Common Pleas overruled his motion to suppress evidence. As part of the negotiated plea agreement, Williams also pled no contest to two other counts of possession of crack cocaine, fourth and fifth degree felonies respectively, in two other *Page 2 
cases. The trial court imposed an agreed sentence of three years in prison on the first degree felony and one year in prison on each of the other charges, to be served concurrently. Williams appeals the denial of his motion to suppress. For the following reasons, the judgment will be affirmed.
 {¶ 2} The state's evidence at the suppression hearing, which the trial court credited, revealed the following facts.
 {¶ 3} At approximately 11:30 p.m. on April 15, 2007, Dayton police officer Chris Cornwell was traveling northbound on Main Street when he observed a southbound 1998 red Lincoln Town Car with windows that were tinted such that he "could not see inside the car." Cornwell made a U-turn and initiated a traffic stop for a window tint violation. Williams, the driver of the Town Car, promptly pulled over in front of 112 Shaw Avenue.
 {¶ 4} Cornwell approached the vehicle from the driver's side. Williams and a female passenger, Tracey Brown, were present. When Williams lowered his window, Cornwell smelled burnt marijuana, and he noticed that Williams' motor skills were slow, his eyes were bloodshot, and he answered questions slowly. Williams indicated that he did not have a driver's license, and he provided his Ohio identification card to Cornwell.
 {¶ 5} Cornwell asked Williams to exit the vehicle, and Cornwell frisked Williams for weapons. When Cornwell patted the right front pocket of Williams' jacket, he felt what appeared to be two rocks of crack cocaine. Cornwell retrieved the suspected crack cocaine, as well as a small baggy of marijuana, from Williams' pocket. Cornwell also discovered currency in the amount of $1,106. Cornwell then placed Williams inside his cruiser.
 {¶ 6} At that time, Cornwell ran Williams' identification through the computer in his *Page 3 
cruiser. Cornwell learned that there was an active arrest warrant for Williams from Franklin, Ohio, and that Williams was driving under suspension.
 {¶ 7} Cornwell returned to Williams' vehicle with a tint meter. After testing the machine to make sure that it was operating correctly, Cornwell tested the driver's window with the meter. The meter indicated that the window exceeded the window tint limits. Cornwell issued a ticket for the window tint violation and for driving under suspension. Cornwell also conducted a field test of the suspected crack cocaine using cobalt reagent. The test indicated a positive result for the presence of cocaine.
 {¶ 8} Cornwell had the Town Car towed, and Williams was taken to the Montgomery County Jail. Brown was neither searched nor arrested, and she was allowed to leave the scene.
 {¶ 9} In support of his motion to suppress, Williams presented evidence that the Town Car was owned by Na'Kiesha Cody. Cody's boyfriend, Jamel Belcher, had gotten the windows on the vehicle tinted on April 13, 2007, at Cody's request. Belcher testified that he had asked for the tint to be "the legal percent." Williams testified that he believed the window tint was legal.
 {¶ 10} Williams and Brown testified that numerous traffic stops were being made along Main Street on April 15, 2007 due to a concert at the nearby Club Rain. Williams acknowledged that he did not have a valid driver's license and that he had marijuana in his pocket. Williams denied, however, that he had smoked marijuana that day and that he had crack cocaine in his pocket. Williams suggested that Cornwell had planted the crack cocaine on him. Williams indicated that Cornwell had not conducted a patdown, but that he had gone inside all of his pockets. Williams testified that he had not consented to the search. Williams also *Page 4 
testified that he had had $2,000 in his possession, not the $1,106 that Cornwell claimed.
 {¶ 11} After the hearing, the trial court denied Williams' motion to suppress. The trial court reasoned:
 {¶ 12} "Based upon the totality of the circumstances, the police had probable cause to stop the vehicle for the traffic violation. Furthermore, the Deputy had the right to do a Terry pat down for his safety based on the smell of suspected drugs. Under the plain feel doctrine, the officer properly removed the suspected crack cocaine from the defendant. The drugs were properly seized at that point. The officer would have located the suspected drugs under the inevitable discovery doctrine based on the confirmed warrant out of Franklin, Ohio. Consequently, Defendant's Constitutional rights were not violated."
 {¶ 13} In his sole assignment of error, Williams claims that the trial court erred in overruling his motion to suppress.
 {¶ 14} In reviewing the trial court's ruling on a motion to suppress evidence, this court must accept the findings of fact made by the trial court if they are supported by competent, credible evidence. SeeState v. Morgan, Montgomery App. No. 18985, 2002-Ohio-268. However, "the reviewing court must independently determine, as a matter of law, whether the facts meet the appropriate legal standard." Id.
 {¶ 15} First, Williams claims that the traffic stop was not based on probable cause. He argues that police officers do not have "carte blanc authority" to pull over every vehicle with tinting to confirm whether the tint is lawful. Williams asserts that his evidence established that the tinting was lawful, and he asserts that the officer was on a "fishing expedition in hopes of finding more than a tint violation." Williams notes that more than five other vehicles had been *Page 5 
stopped by police on Main Street at the time of his traffic stop.
 {¶ 16} In response, the State asserts that Officer Cornwell lawfully stopped the Town Car. The State notes that Cornwell testified that the window tint was so dark that he could not see inside the car. The State further argues that the reasonableness of the stop is moot where there is an outstanding warrant for Williams' arrest.
 {¶ 17} The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. A traffic stop by a law enforcement officer must comply with the Fourth Amendment's reasonableness requirement. Whren v. United States (1996), 517 U.S. 806,116 S.Ct. 1769, 135 L.Ed.2d 89. A police officer may stop and detain a motorist when he observes a violation of the law, including any traffic offense, and no independent reasonable and articulable suspicion of other criminal activity is required under Terry. E.g., State v.Stewart, Montgomery App. No. 19961, 2004-Ohio-1319, at ¶ 13;Dayton v.Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, 665 N.E.2d 1091.
 {¶ 18} "A police officer who, based upon his observations and experience, has a reasonable, articulable suspicion that the windows on a motor vehicle are excessively tinted may stop the vehicle for purposes of issuing a citation for excessive window tinting." State v.Mackey, Montgomery App. No. 22244, 2008-Ohio-3621, at ¶ 11, citingState v. Courts, Montgomery App. No. 20328, 2004-Ohio-3789.
 {¶ 19} In this case, as noted by the State, Cornwell testified that the Town Car had "extremely dark tinted windows on it" and that he could not see inside the car. Cornwell testified that he "knew," prior to the stop, that the windows were tinted beyond the legal limits, *Page 6 
and he initiated the traffic stop for the suspected window tint violation. Officer Cornwell thus had a reasonable articulable suspicion that the windows of the Town Car were excessively tinted, which justified his stop of the Town Car. Although Williams presented evidence that the vehicle's owner had requested lawful window tinting, Cornwell's suspicions were confirmed when the tint meter indicated that the window tint exceeded the legal limit.
 {¶ 20} Even assuming that Cornwell was on a "fishing expedition," the stop of the Town Car was lawful. The supreme court has held that traffic stops based on probable cause are not illegal even if the police officer has other motivations as well. Erickson, 76 Ohio St.3d at 10. "[W]here a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Id. Cornwell's testimony that the Town Car's windows were tinted such that he could not see inside the vehicle established probable cause that a traffic violation was occurring and rendered the stop lawful regardless of Cornwell's motives.
 {¶ 21} Williams next claims that Officer Cornwell lacked the requisite suspicion to frisk him for weapons and that Cornwell conducted a search, not a patdown. The State asserts that Cornwell was justified in conducting a patdown for weapons based upon the odor of burnt marijuana emanating from the vehicle. It claims that Cornwell was then justified in seizing the cocaine under the plain feel doctrine. The State further argues that the cocaine would have been discovered inevitably once the officer learned of the outstanding warrant for Williams' arrest.
 {¶ 22} We need not determine whether Cornwell had a reasonable suspicion that *Page 7 
Williams was armed, thus justifying a patdown for weapons, because a search incident to an arrest on the Franklin warrant would have inevitably disclosed the crack cocaine. Because of the outstanding warrant, Cornwell had no reasonable expectation of privacy to be free from arrest and search by the police. See State v. Smith, Montgomery App. No. 22434, 2008-Ohio-5523, at ¶ 11. Although Cornwell conducted the routine check of Williams' identity and learned of the outstanding warrant after the discovery of drugs, the existence of the arrest warrant rendered Cornwell's search and the seizure of the drugs lawful.Dayton v. Click (Oct. 5, 1994), Montgomery App. No. 14328;Smith at ¶ 12 (overruling State v. Jamison (May 11, 2001), Montgomery App. No. 18453, to the extent it contradicted Click).
 {¶ 23} The assignment of error is overruled.
 {¶ 24} The judgment of the trial court will be affirmed.
BROGAN, J. and DONOVAN, J., concur.
Copies mailed to:
R. Lynn Nothstine Eric A. Stamps Hon. Mary L. Wiseman *Page 1