OPINION
{¶ 1} Terri Gray (Appellant) contends the trial court erred by overruling her motion to suppress a crack pipe found by a police officer in her purse during a search *Page 2 
incident to her arrest in a motor vehicle. She argues the evidence is insufficient to conclude, under the vehicle-search exception to theFourth Amendment's warrant requirement, that the officer had probable cause to conduct the search. Nor can the evidence support, she further argues, the conclusion the officer had reasonable suspicion to detain her in the first place. While Ms. Gray focuses on the evidence, the State questions whether, given the facts in this case, she correctly frames the principal issues. The State is right to ask, as we will explain.
 {¶ 2} One evening, in March 2007, a woman passenger got out of a truck that had moments before pulled up to the house at 157 Church Street in Dayton, Ohio. Tightly clutching cash in her fist, she walked toward a man sitting on the stoop of the house.
 {¶ 3} Detective Mark Spiers watched her. He worked in the narcotics unit of the Dayton Police Department, and that night he was working street crime enforcement in plain clothes and an unmarked car. He had been watching the house for a while. Neighbors had been complaining for weeks about it, and police suspected drug activity inside. But they had not had any luck getting someone to answer their knocks on the door. Seizing this opportunity, Officer Spiers exited the car and walked behind the woman clutching the bills up to the man on the stoop.
 {¶ 4} Upon reaching the stoop, Spiers identified himself to the two as a police officer and began speaking to the sitting man. He was soon aware, though, the woman had quietly disappeared. He wheeled around and spotted her walking quickly back to the truck. Finding her behavior suspicious and wanting to question her, he chased after, calling out for her to wait. *Page 3 
 {¶ 5} Upon reaching the truck, he asked the woman and the driver for identification. While they fished around, he asked them about the house and the man on the stoop. When they handed over their identifications, he called the police dispatcher to run a background check on the two. He learned an arrest warrant had been issued for the passenger, Terri Gray. Spiers then returned to the vehicle in which Ms. Gray was seated and informed her that she was under arrest. As Spiers removed her from the vehicle he removed a purse from Ms. Gray's lap and placed it on the top of the vehicle prior to patting her down for weapons. Spiers searched the purse for weapons and found a crack pipe that was later determined to contain trace amounts of crack cocaine.
 {¶ 6} Ms. Gray was charged with possession of less than one gram of crack cocaine. She moved to suppress the crack pipe, but after two suppression hearings, the trial court overruled her motion. Consequently, she decided to plead no contest to the charge, and she was sentenced to five years of community control.
 {¶ 7} Ms. Gray appealed, and now she alleges, in her lone assignment of error, the lower court erred by overruling her motion to suppress, because she contends the evidence was insufficient as a matter of law to have justified a warrantless search of her purse.
 {¶ 8} A word about the standards we use to review a trial court's decision on a suppression motion will be helpful. A defendant can appeal errors in a trial court's findings of fact or conclusions of law. SeeState v. Mackey, Licking App. No. 06CA12, 2006-Ohio-5407. A reviewing court must accept the facts found by the trial court, however, provided they are based on some competent and credible evidence. State v. *Page 4 Morgan, Montgomery App. No. 18985, 2002-Ohio-268. Deference is given because the trial court "is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v. Hill (1998),127 Ohio App.3d 265, 268, 712 N.E.2d 791. This is not true for questions of law, though. Whether a trial court applied the correct law and whether the facts support a particular legal conclusion are questions examined independently; they are reviewed de novo. Id.
 {¶ 9} The Fourth Amendment of the U.S. Constitution protects reasonable expectations of privacy from warrantless searches and seizures, subject only to a few narrow, well-defined exceptions.Katz v. U.S. (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576. A warrantless search or seizure that does not fall within a recognized exception often results in the exclusion of all evidence that would not have been collected but for the illegal act. Ms. Gray contends Officer Spiers violated her Fourth Amendment rights because his search and seizure failed to qualify under a recognized exception; therefore, argues she, the resulting evidence, the crack pipe, should not be admitted as evidence.
 {¶ 10} Ms. Gray's contentions implicate two exceptions. First, and foremost, she argues the search of her purse failed to fall within the vehicle-search exception because the officer had no probable cause to justify such a search. Second, she argues the questioning, request for identification, and the officer's overall manner added up to a seizure of her within the meaning of the Fourth Amendment, but the officer did not have the reasonable suspicion Terry v. Ohio says justifies this brief detention. (1968), 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 11} Gray contends the trial court erred in finding that her encounter with the *Page 5 
police was consensual. The State argues that it does not matter if the court erred in that respect since Ms. Gray had no reasonable expectation of not being stopped by the police since there was an active arrest warrant for her outstanding. The State is correct. Given this fact, we need not determine the nature of the encounter, because it is clear the encounter was lawful under our recently-reaffirmed holding in Dayton v.Click (Oct. 5, 1994), Montgomery App. No. 14328, 1994 WL 543210. SeeState v. Williams, Montgomery App. No. 22535, 2008-Ohio-6030, at ¶ 22
(recognizing the reaffirmance).
 {¶ 12} Click teaches, "regardless of whether a police officer's initial stop of an individual was unlawful, the discovery of an outstanding warrant for that individual justifies his arrest." State v.Brown (Jan. 28, 2000), Montgomery App. No. 17965, 2000 WL 84559, at *3. The mere existence of an outstanding arrest warrant, in other words, renders a seizure lawful, whether or not the officer is aware of the warrant at the time of the seizure. See Williams, at ¶ 22. The individual cannot reasonably expect privacy when she knows there is an outstanding warrant for her arrest. State v. Smith, Montgomery App. No. 22434, 2008-Ohio-5523, at ¶ 11; Click, at *2.
 {¶ 13} Here, the existence of the warrant at the time of Ms. Gray's encounter with the officer is undisputed. Indeed, she testified she knew a warrant for her arrest existed before being told. Consequently, even if Ms. Gray were "seized," the seizure was lawful.
 {¶ 14} The more important issue here is whether the search of her purse was likewise lawful. As Ms. Gray sees it, the question is whether the evidence is sufficient to conclude the officer had probable cause to search under the vehicle exception to the warrant requirement. But as the State points out, this is not the way the issue should be framed, because the facts here do not fall within the vehicle-exception line of cases. *Page 6 
Rather, the facts resemble those in cases decided under the search incident-to-arrest exception, as State v. Murrell teaches. (2002) 94 Ohio St.3d 489, 493, 764 N.E.2d 986.
 {¶ 15} The Ohio Supreme Court in Murrell noted the U.S. Supreme Court case that established the rule for vehicle searches under the search incident-to-arrest exception, New York v. Belton (1981), 453 U.S. 454,101 S.Ct. 2860, 69 L.Ed.2d 768, "deliberately chose not to analyze the situation before it under the automobile exception to the warrant requirement, which is based on probable cause." Murrell, at 493.Murrell followed Belton's lead and analyzed a situation factually similar to Belton-and factually identical to the instant case, as we will see-under the search incident-to-arrest exception. LikeMurrell followed Belton's lead, we follow Murrell.
 {¶ 16} The U.S. Supreme Court established a bright-line rule to govern a search incident-to-arrest in a situation involving a motor vehicle. InChimel v. California, a case not involving a motor vehicle, the U.S. Supreme Court held an officer who makes a lawful, custodial arrest may also warrantlessly search the arrestee and the arrestee's "immediate surrounding area" for weapons the arrestee could use, and for evidence the arrestee could destroy or conceal. (1969), 395 U.S. 752, 762-763,89 S.Ct. 2034, 23 L.Ed.2d 685. After Chimel though, the Court perceived police officers and courts were struggling to define the "immediate surrounding area" of one arrested in a motor vehicle. To help them, the Court in New York v. Belton established a clear rule, which it said applied the principles of Chimel to situations involving motor vehicles. The rule is this: "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460. "[T]he police may also," as part of their *Page 7 
search, "examine the contents of any containers found within the passenger compartment[,] * * * whether it [the container] is open or closed." Id. at 460-461. The search of a container is justified, explained the Court, not because "the arrestee has no privacy interest in the container, but [because] the lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have." Id.
 {¶ 17} Belton, it is critical to note, permits a search based solely on the lawful, custodial arrest of a vehicle's occupant. Additional probable cause is not required. 3 LaFave, Search and Seizure (2004) 526, Section 7.1(c). Nor is a reasonable belief the vehicle contains evidence related to the crime precipitating the arrest required. U.S. v.Osife (C.A.9, 2005), 398 F.3d 1143. An officer need not even consider, in light of the nature of the crime for which the person was arrested, the likelihood weapons or evidence would be present. 3 LaFave, Search and Seizure (2004) 522, Section 7.1(c). Finally, an arrestee handcuffed in the backseat of a squad car changes nothing, as the facts ofMurrell (related in the following paragraph) illustrate. As we once remarked, "[W]hile warrantless searches incident to arrest were originally justified because of the urgent need to protect the arresting officer's safety, or to protect against the destruction or concealment of evidence, in New York v. Belton the Court has held that even warrantless searches not involving such exigency are lawful if they are incident to arrest." State v. Harris (Sept. 29, 1989), Montgomery App. No. 11309, 1989 WL 113134, at *4.
 {¶ 18} Returning briefly to Murrell, while we need not discuss the Court's analysis, we will relate the key facts, because they bear remarkable similarity to those here. The defendant was stopped for speeding, and when the police officer ran the defendant's *Page 8 
license, he learned an outstanding arrest warrant existed for him. The officer walked back to the defendant's car, arrested and handcuffed him, and placed him in the backseat of the squad car. Then he searched the passenger compartment of the vehicle. He found, on the driver's-side floorboard, a small cloth bag that a search revealed to contain cocaine. The defendant moved to suppress the evidence. The Court, followingBelton, held, "When a police officer has made a lawful custodial arrest of the occupant of an automobile, the officer may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Murrell, at syllabus. The Court thus concluded the search was lawful.[1]
 {¶ 19} The material facts in the instant case practically mirror those in Murrell. Pursuant to an outstanding arrest warrant, the officer made a lawful, custodial arrest of Ms. Gray, who was inside the truck at the time along with her purse. The officer searched the purse immediately after arresting Ms. Gray, placing her in handcuffs, and radioing for backup. None of this is disputed.
 {¶ 20} A purse is a "container" that may be lawfully searched.Belton defines "container" as "any object capable of holding another object," which the Court says, includes "luggage, boxes, bags, clothing, and the like." Belton, at 461 n. 4. What is true of a passenger-compartment search, with respect to the likelihood the vehicle contains a weapon or evidence of the crime for which the arrest was made, is likewise true of a container search: Belton applies regardless. 3 LaFave, Search and Seizure (2004) 521, *Page 9 
Section 7.1(c). Generally, in situations of a search incident-to-arrest not involving a vehicle, Ohio courts hold the search of a purse in an arrestee's "immediate control" is lawful. State v.Robinson (1998), 131 Ohio App.3d 356, 358, 722 N.E.2d 573; see, also,State v. Mathews (1976), 46 Ohio St.2d 72, 346 N.E.2d 151 (upholding search of defendant's purse, which she was carrying when arrested);State v. Washington (May 1, 2001), Franklin App. No. 00AP-663,2001 WL 436062 (upholding search of purse conducted after the defendant was arrested and placed in a police cruiser). Although we are unable to find an Ohio case decided under Belton that involves a search of a purse, were we to hold Belton did not apply, the purpose of the Belton rule would be frustrated. (And we would not be surprised to hear Dayton police officers were noticing a rise in the incidence of purse-carrying men in trucks.) Ms. Gray's purse, being in the truck with her, was clearly within her immediate control when the officer arrested her. Thus, the search of her purse, as a container inside the passenger compartment of a vehicle, was lawful. {¶ 21} Finally, we acknowledge Ms. Gray's arguments that attack the credibility of Officer Spiers' testimony, but find them unpersuasive. The trial court expressly found Detective Spiers' testimony credible that he found Ms. Gray's purse on her lap at the time of her arrest. Ms. Gray's lone assignment of error is overruled. The trial court did not err by overruling her motion to suppress, so its judgment is affirmed.
FAIN and GRADY, JJ., concur. Copies mailed to: Mathias H. Heck, Jr.
Kirsten A. Brandt Glen H. Dewar Charles L. Grove Andrea Dewar Oladi Hon. Gregory F. Singer
[1] Although Ms. Gray does not raise this issue under Section 14, Article I, of the Ohio Constitution, the language of which is practically identical to that of the Fourth Amendment, we point outMurrell is the case in which the Supreme Court, for the first time in ten years, fully embraced Belton and applied it to the Ohio Constitution. *Page 1