The STATE of Ohio, Appellee,

v.

MENDELL, Appellant.

[Cite as *State v. Mendell*, 191 Ohio App.3d 325, 2010-Ohio-6107.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23918.

Decided Dec. 10, 2010.

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Laura M. Woodruff, Assistant Prosecuting Attorney, for appellee.

Dana A. Stamps, for appellant.

FAIN, Judge.

{¶ 1} Defendant-appellant, Scott A. Mendell, appeals from his conviction and sentence for having weapons under a disability, in violation of R.C. 2923.13(A)(2), following a no-contest plea. Mendell contends that the trial court erred in overruling his motion to suppress evidence. He argues that the police did not have a valid arrest warrant at the time they entered his residence, because they did not have the warrant at the time of the arrest and because there was no probable cause for the issuance of the warrant. He also argues that the officers placed him under arrest and then proceeded to ask him questions designed to elicit incriminating evidence. Finally, he contends that he voluntarily surrendered his weapons prior to the search, thereby rendering him statutorily immune from prosecution as provided for in R.C. 2923.23(A).

{¶ 2} We conclude that the trial court erred in overruling the motion to suppress, because it failed to consider whether probable cause existed for the issuance of the warrant. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

{¶ 3} On March 9, 2009, Mendell's ex-wife and stepdaughter filed a domestic-violence complaint against Mendell, following which Mendell voluntarily talked to Miamisburg Police Officer Drerup. Thereafter, the Montgomery County prosecutor's office approved domestic-violence charges against Mendell.

{¶ 4} Miamisburg Detective William Ring obtained a complaint and an arrest warrant. Ring and two other police officers went to Mendell's residence. Upon arriving at the residence, Ring advised Mendell that he had a warrant for Mendell's arrest. Mendell permitted the officers to enter his apartment. Ring performed a protective sweep of the apartment to ensure that no other persons were in the residence while Mendell remained in the living area with the other officers. Upon returning to the living room, Ring asked Mendell for permission to search the residence for weapons. Mendell executed a consent-to-search form and informed the officers that he had weapons under the bed.

{¶ 5} Ring found two guns underneath the bed, as Mendell had described. The weapons were seized and Mendell was handcuffed, placed in the rear of a police cruiser, and transported to the Miamisburg Police Department to be interviewed.

{¶ 6} At the police department, Mendell was uncuffed and placed in an interview room. Ring read him his rights under *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and went over a preinterview waiver-of-

rights form, which Mendell signed. The voice recorder in the interview indicated that the interview began at 1:15 p.m.

{¶ 7} Mendell was indicted for having a weapon under disability. He thereafter filed a motion to suppress evidence. Following a hearing, the trial court overruled the motion to suppress. Mendell then entered a no-contest plea and was sentenced appropriately. From his conviction and sentence, Mendell appeals.

## II

{¶ 8} Mendell's sole assignment of error states as follows:

{¶ 9} "The trial court erred when it overruled appellant's motion to suppress."

{¶ 10} Mendell contends that the trial court should have granted his motion to suppress. When deciding a motion to suppress evidence, an appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence, and the appellate court must then independently determine as a matter of law whether the minimum constitutional standard has been met. *State v. Williams* (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141.

{¶ 11} We begin with the claim that the warrant was not valid because there was no probable cause for its issuance. In Ohio, a warrant must be issued prior to an arrest in order for the arrest to be valid under that warrant. *State v. Rodriquez* (1990), 66 Ohio App.3d 5, 8, 583 N.E.2d 384. Furthermore, probable cause must exist for an arrest warrant to issue. Pursuant to Crim.R. 3 and 4, "an arrest warrant shall be issued only upon a written and sworn complaint (1) setting forth 'the essential facts constituting the offense charged,' and (2) showing 'that there is probable cause to believe that (such) offense has been committed and that the defendant has committed it.'" *Giordenello v. United States* (1958), 357 U.S. 480, 485, 78 S.Ct. 1245, 2 L.Ed.2d 1503.

{¶ 12} In determining the sufficiency of probable cause in an affidavit submitted in support of a warrant, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George* (1989), 45 Ohio St.3d 325, 544 N.E.2d 640, paragraph one of the syllabus. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a warrant, reviewing courts accord great deference to the magistrate's determination of probable cause. Id.

{¶ 13} In this case, Detective Ring went to the Miamisburg Municipal Court with an affidavit and complaint. The complaint stated as follows:

{¶ 14} "Detective W.N. Ring, being first duly sworn according to law, deposes and says that on or about March 7, 2009, in the County of Montgomery and State of Ohio, in the City of Miamisburg, the defendant, Scott A. Mendell, did knowingly cause or attempt to cause physical harm to a family or household member, to-wit: Amanda A. Mendell; said defendant having previously pleaded guilty to or been convicted of an offense involving a family or household member at the time of the violation, to wit: Domestic Violence on September 28, 2007, in the case of the State of Ohio versus Scott A. Mendell being Case Number 07CRB02545, in the Xenia Municipal Court; contrary to the form of the statute (in violation of Section 2919.25(A) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio."

{¶ 15} The affidavit attached to the complaint states:

{¶ 16} "Detective W.N. Ring, being first duly sworn according to law, deposes and says that the probable cause that defendant committed the offense set forth in the Complaint is as follows: Defendant was identified as the perpetrator of the offense by Amanda A. Mendell who was an eyewitness to the offense."

{¶ 17} In overruling the motion to suppress, the trial court addressed two issues that Mendell raised in connection with his motion—the timing of the warrant (whether it was executed before it was filed) and the voluntariness of Mendell's written consent to search—and resolved both of them in the state's favor. But the trial court did not address two other issues that Mendell and the state raised: whether the affidavit in support of the search warrant made out probable cause for the issuance of the warrant and, if not, whether the police acted in good faith in executing the warrant, under *United States v. Leon* (1984), 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677. The issue of the good-faith exception is dependent not only upon the officers' objective good faith, but also upon their subjective good faith, which, in turn, is dependent upon the trial court's findings of fact. Although the trial court made findings of fact, it did not make findings of fact specific to these issues. Therefore, we reverse the judgment of the trial court and remand this cause for findings on the probable-cause and good-faith issues. If the trial court should find in favor of the state on either or both of these issues, it may enter a judgment of conviction based upon Mendell's no-contest plea and impose an appropriate sentence.

{¶ 18} We next turn to the claim that Ring did not obtain the warrant until after he had arrested Mendell. The record shows that the warrant, complaint, and affidavit are time-stamped 12:51 p.m. by the clerk of the Miamisburg Municipal Court. However, the consent-to-search form executed by Mendell

contains two written notations of the time simply as "12:00." Mendell contends that this clearly indicates that the warrant was not obtained until after the search and his subsequent arrest took place.

{¶ 19} The trial court did address this issue and found that there was competent, credible evidence upon which to find that Ring did, in fact, obtain the warrant prior to executing it and arresting Mendell. The trial court found the time-stamp discrepancy to be an inadvertent clerical error. There is evidence to support this finding.

{¶ 20} Ring specifically testified that he went to the Montgomery County Prosecutor's Office to get approval for domestic-violence charges against Mendell. He then, according to his testimony, went to the Miamisburg Municipal Court to obtain the warrant. Ring acknowledged the discrepancy in the time stamps but specifically testified that he left the Municipal Court building with the warrant in his hand. The trial court was free to credit this testimony, which it clearly did. As the trier of fact, the trial court was in the best position to determine credibility, and we will not second-guess that determination. Therefore, we conclude that the trial court did not err in overruling the motion to suppress on this ground.

{¶ 21} Finally, we turn to Mendell's claim that he should be statutorily immune from prosecution for having weapons under a disability. Mendell contends that he voluntarily told the officers about the weapons and therefore falls under the protection of R.C. 2923.23(A), which provides that an individual charged with violating R.C. 2923.13 (having a weapon under disability) is immune from prosecution "if he reports his possession of firearms * * * to any law enforcement authority, describes the firearms * * * in his possession and where they may be found, and voluntarily surrenders the firearms * * * to the law enforcement authority."

{¶ 22} We need not address this argument because it was not properly preserved for appellate review. Pursuant to Crim.R. 12(I), a "plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence." In this case, Mendell filed a motion to dismiss based upon the claim of statutory immunity on January 12, 2010, two months after the trial court had overruled his motion to suppress. Before the trial court ruled upon the motion to dismiss, Mendell entered his plea of no contest. Therefore, there was no ruling on the motion to dismiss that Mendell can assign as error on appeal.

{¶ 23} Mendell's sole assignment of error is sustained.

## III

{¶ 24} Mendell's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings in accordance with this opinion.

{¶ 25} If the trial court should find in favor of the state on either or both of the probable-cause and good-faith issues, it may enter a judgment of conviction based upon Mendell's no-contest plea and impose an appropriate sentence.

Judgment reversed
and cause remanded.

GRADY and FROELICH, JJ., concur.