[Cite as *State v. Mendell*, 2012-Ohio-3178.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

:

:    Appellate Case No. 24822

    Plaintiff-Appellee

:

:    Trial Court Case No. 09-CR-877

v.

:

:

SCOTT A. MENDELL

:    (Criminal Appeal from

:     Common Pleas Court)

    Defendant-Appellant

:

:

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. #0069384, Montgomery county Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

JENNIFER S. GETTY, Atty. Reg. #0074317, 46 East Franklin Street, Centerville, Ohio 45459

. . . . . . . . . . . .

HARSHA, J. (Sitting by Assignment)

{¶ 1}     After a remand from this Court, Scott A. Mendell appeals the re-entry of his conviction for having a weapon under disability. We reversed Mendell's original conviction after determining the trial court erred when it overruled his motion to

suppress. On remand, the trial court determined that probable cause existed for the issuance of Mendell's arrest warrant and that police acted in good faith when they executed the warrant. After the trial court re-entered a judgment of conviction based on Mendell's earlier no contest plea and sentenced him, he appealed.

{¶ 2} Mendell contends that the trial court erred when it found probable cause existed for issuance of the arrest warrant. We agree. We cannot give any deference to the issuing official's probable cause determination because, by her own admission, she never made a determination and simply issued the warrant, i.e., she acted as a rubber stamp for police. Moreover, even if the issuing official had made a probable cause determination, the complaint and affidavit in support of the warrant do not provide a substantial basis to conclude probable cause existed. These documents contain no facts about actions Mendell took that could arguably constitute a crime. Therefore, the trial court erred in holding probable cause existed.

{¶ 3} Next, Mendell argues that the trial court erred in holding that the police executed the warrant in good faith, i.e., that the good-faith exception to the exclusionary rule applied and prevented suppression of evidence seized because of the illegal arrest. We agree. Because the complaint and affidavit are totally devoid of facts about the alleged offense, they are so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. A reasonably well-trained officer would have known these documents could not establish probable cause, so the good-faith exception does not apply. Accordingly, the trial court erred when it denied Mendell's motion to suppress. We reverse and remand for further proceedings.

## I. Facts

{¶ 4}     Mendell's ex-wife and stepdaughter filed a domestic-violence complaint against him, after which Mendell voluntarily talked to Miamisburg Police Officer Drerup. Subsequently, the Montgomery County prosecutor's office approved a domestic violence charge against Mendell. Miamisburg Detective William Ring obtained a complaint and an arrest warrant. Ring and two other officers went to Mendell's residence, and Ring advised Mendell that he had a warrant for Mendell's arrest. Eventually Mendell executed a consent-to-search form and told officers he had weapons under a bed, and Ring found two guns there. The grand jury indicted Mendell for having a weapon under disability. After the trial court overruled Mendell's motion to suppress the evidence against him, he pleaded no contest to the charge. Mendell appealed from his conviction and sentence.

{¶ 5}     In *State v. Mendell*, 191 Ohio App.3d 325, 2010-Ohio-6107, 945 N.E.2d 1130 (2d Dist.) we reversed the conviction because the trial court overruled the motion to suppress without considering whether probable cause existed for the issuance of the arrest warrant. We remanded for the trial court to determine whether probable cause existed, and if it did not, to determine whether police executed the warrant in good faith. On remand, the court conducted a hearing and held that probable cause existed and that the police did act in good faith. Subsequently, the court re-entered a judgment of conviction based on Mendell's earlier no contest plea and sentenced him. This appeal followed.

## II. Assignments of Error

**{¶ 6}** Mendell assigns two errors for our review:

1.      THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS IN VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS AS THE COMPLAINT AND AFFIDAVIT IN SUPPORT OF THE ARREST WARRANT DID NOT ESTABLISH PROBABLE CAUSE FOR THE ISSUANCE OF THE WARRANT.

2.      THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO SUPPRESS IN VIOLATION OF HIS FOURTH AND FOURTEENTH AMENDMENT RIGHTS AS THE POLICE DID NOT ACT IN GOOD FAITH IN EXECUTING THE WARRANT.

### III.   Standard of Review

**{¶ 7}** Our review of a trial court's denial of a motion to suppress presents a mixed question of fact and law. *State v. Ray*, 2d Dist. Montgomery No. 24536, 2012-Ohio-840, ¶ 8. "We accept the trial court's view of the facts, provided its findings are supported by competent, credible evidence, because '[w]hen considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses.' " *Id.*, quoting *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. However, "we determine independently whether the evidence satisfies the applicable legal standard." *Id.*, citing *State v. Mackey*, 2d Dist. Montgomery No. 22244, 2008-Ohio-3621, ¶ 9

IV.   Probable Cause Determination

{¶ 8}     The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."   Section 14, Article I of the Ohio Constitution also prohibits unreasonable searches and seizures.   Because Section 14, Article I and the Fourth Amendment contain virtually identical language, the Supreme Court of Ohio has interpreted the two provisions as affording the same protection.  *State v. Orr*, 91 Ohio St.3d 389, 391, 745 N.E.2d 1036 (2001).   In addition, Crim.R. 4(A)(1) provides:

> If it appears from the complaint, or from an affidavit or affidavits filed with the complaint, that there is probable cause to believe that an offense has been committed, and that the defendant has committed it, a warrant for the arrest of the defendant, or a summons in lieu of a warrant, shall be issued by a judge, magistrate, clerk of court, or officer of the court designated by the judge, to any law enforcement officer authorized by law to execute or serve it.

* * *

{¶ 9}     "Probable cause exists when a reasonably prudent person would believe that the person to be arrested has committed a crime."  *State v. Dickey*, 2d Dist. Darke No. 99CA1482, 1999 WL 397183, *2 (June 18, 1999).   The existence of probable cause is determined by looking at the totality of the circumstances.  *See Illinois v. Gates*, 462 U.S.

213, 230-232, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The official issuing a warrant should not accept without question a complainant's/affiant's mere conclusion that the person sought to be arrested committed the crime outlined. See *State v. Jones*, 7th Dist. Mahoning No. 11 MA 60, 2012-Ohio-1301, ¶ 30, citing *Giordenello v. U.S.*, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.E.2d 1503 (1958). An issuing official may not merely ratify the "bare conclusions of others." *Gates* at 239. Otherwise, the determination of probable cause would be made by the complainant/affiant rather than the constitutionally required neutral and detached official. *See Jones* at ¶ 39.

**{¶ 10}** Ordinarily, reviewing courts should accord great deference to the issuing official's determination of probable cause, and doubtful or marginal cases should be resolved in favor of upholding the warrant. *See State v. George*, 45 Ohio St.3d 325, 330, 544 N.E.2d 640 (1989) (applying this standard to the issuance of search warrants). Therefore, when a warrant is issued, our role as a reviewing court typically is to determine whether the issuing official had a substantial basis for concluding that probable cause to arrest existed. *State v. Tibbetts*, 92 Ohio St.3d 146, 153, 749 N.E.2d 226 (2001).

**{¶ 11}** In this case, the issuing official (a deputy clerk at the Miamisburg Municipal Court) testified that she did not recall any particulars of this case. However, she did testify about the procedures she follows when she receives a request for an arrest warrant. The clerk testified that she does not read the submitted paperwork to make a probable cause determination. She always issues an arrest warrant if the named defendant is not in custody. Because the clerk, by her own admission, never made a probable cause

determination and merely acted as a rubber stamp for police, there is no decision for us to afford any deference in this case.

{¶ 12} Moreover, even if the clerk read and evaluated the complaint and affidavit Detective Ring submitted, as she should have, those documents would not have given her a substantial basis to conclude that probable cause existed to arrest Mendell. The complaint stated:

> Detective W.N. Ring, being first duly sworn according to law, deposes and says that on or about March 7, 2009, in the County of Montgomery and State of Ohio, in the City of Miamisburg, the defendant, Scott A. Mendell, did knowingly cause or attempt to cause physical harm to a family or household member, to-wit: Amanda A. Mendell; said defendant having previously pleaded guilty to or been convicted of an offense involving a family or household member at the time of the violation, to wit: Domestic Violence on September 28, 2007, in the case of the State of Ohio versus Scott A. Mendell being Case Number 07CRB02545, in the Xenia Municipal Court; contrary to the form of the statute (in violation of Section 2919.25(A) of the Ohio Revised Code) in such case made and provided, and against the peace and dignity of the State of Ohio.

And the affidavit attached to the complaint states:

> Detective W.N. Ring, being first duly sworn according to law, deposes and says that the probable cause that defendant committed the offense set forth in

the Complaint is as follows: Defendant was identified as the perpetrator of the offense by Amanda A. Mendell who was an eyewitness to the offense.

**{¶ 13}** The complaint describes the offense in the statutory language and does not allege any specific facts about what Mendell did. Because the information in the complaint amounts to an unsupported conclusion that Mendell committed domestic violence, it is insufficient to support the issuance of the arrest warrant. *See State v. White-Barnes*, 4th Dist. Ross No. 1841, 1992 WL 368844, *2 (Dec. 8, 1992) ("Obviously a complaint alleging an offense by stating the statutory language is not sufficient to serve as the *sole* basis for the issuance of an arrest warrant." (Emphasis sic.)). And Ring's affidavit provides little additional information. It merely states that an eyewitness – the alleged victim – identified Mendell as the "perpetrator of the offense" alleged in the complaint. Like the complaint, the affidavit contains no specific facts about Mendell's conduct that would permit the issuing official to evaluate for herself whether he committed a domestic violence offense. Therefore, even if the clerk had made a neutral and detached evaluation, the submitted documents do not provide a substantial basis for an issuing official to conclude probable cause to arrest existed.

**{¶ 14}** Because the trial court erred in holding that probable cause supported issuance of the arrest warrant, we sustain the first assignment of error.

## V. Good-Faith Exception to the Exclusionary Rule

**{¶ 15}** In his second assignment of error, Mendell contends that the trial court erred when it concluded that the good-faith exception to the exclusionary rule applied even if

the warrant procedure was deficient. "The exclusionary rule operates to exclude evidence obtained by the government in violation of the United States Constitution." *State v. Helton*, 160 Ohio App.3d 291, 2005-Ohio-1789, 826 N.E.2d 925, ¶ 14 (11th Dist.). "The purpose of this rule is to deter police misconduct." *Id.* "The exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure, but also evidence that is subsequently discovered and derivative of that prior illegality." *State v. McLemore*, 197 Ohio App.3d 726, 2012-Ohio-521, 968 N.E.2d 612, ¶20 (2d Dist.). Thus, "[t]he derivative-evidence rule, or fruit-of-the-poisonous-tree doctrine as it is widely known, requires suppression of evidence that was seized in a seemingly lawful manner but about which police learned because of a prior constitutional violation such as an illegal search or seizure." *Id.* Here, police only obtained the evidence for the having a weapon under disability charge because they executed an illegal arrest. Therefore, the evidence against Mendell in this case must be suppressed unless an exception to the exclusionary rule applies.

**{¶ 16}** The exclusionary rule does not apply to evidence police obtain in good faith in reliance on the validity of a warrant. *See State v. Palinkas*, 8th Dist. Cuyahoga No. 86247, 2006-Ohio-2083, ¶ 9. The test for the good-faith exception is whether a reasonably well-trained officer would have known the arrest was illegal despite the issuing official's authorization. *See by way of analogy State v. Richardson,* 2d Dist. Greene No. 2011 CA 2, 2012-Ohio-1232, ¶ 42 (holding that in the case of a search warrant, test for the good-faith exception is whether a reasonably well-trained officer would have known the search was illegal despite the magistrate's authorization). The officer's reliance on the issuing official's probable cause determination must be objectively reasonable. *Id.* Suppression

remains proper where: 1.) the issuing official was "misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth"; 2.) the issuing official "wholly abandoned his judicial role in the manner condemned in *Lo-Ji Sales, Inc. v. New York*, 442 U.S. 319, 99 S.Ct. 2319, 60 L.Ed.2d 920 (1979)"; (3) an officer purports to rely on a warrant based on an affidavit " 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable' "; or (4) "depending on the circumstances of the particular case, a warrant may be so facially deficient—i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid." *U.S. v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), quoting *Brown v. Illinois*, 422 U.S. 590, 611, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975) (Powell, J., concurring in part).

{¶ 17} Generally, in evaluating whether law enforcement's reliance on the issuing official's probable cause determination was objectively reasonable, courts should confine themselves to the four corners of the affidavit (and complaint under Crim.R. 4(A)(1)). *Richardson* at ¶ 43. However, there are instances where the court may look beyond the four corners of the affidavit/complaint to determine whether the good-faith exception applies. For example, courts can consider the fact that "the officer had enlisted the assistance and advice of the prosecuting attorney in preparing the affidavit," a different issuing official previously denied a warrant on the affidavit, or "the officer included false information in the affidavit." *Id.*

{¶ 18} Here, the complaint and affidavit are so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. As we explained above,

the complaint and affidavit are totally devoid of facts to demonstrate how Mendell committed a domestic violence offense. A reasonably well-trained officer would have known that these documents could not establish probable cause. *See State v. Jones*, 72 Ohio App.3d 522, 528, 595 N.E.2d 485 (6th Dist.1991).

{¶ 19} We recognize that to a certain extent, Detective Ring enlisted the assistance of the prosecutor's office prior to seeking the arrest warrant. Ring testified that he met with an assistant prosecutor, he gave her information from his investigation, and the prosecutor's office approved a charge. Ring testified that once the charges are approved, normally he goes to the intake office at the prosecutor's office. An employee there prepares the complaint and warrant for the issuing official's approval. However, Ring testified that he also completes a "statement of facts," i.e., an affidavit, to give to the issuing official. Ring testified that he filled out the affidavit in this case. Ring did not testify that the prosecutor's office assisted or advised him on how to prepare this affidavit. And based on Ring's characterization of the affidavit as a "statement of facts," it is apparent that he recognized the prosecutor's office did not include the facts underlying the alleged offense in the complaint. Therefore, Ring should have known the documents the prosecutor's office prepared did not establish probable cause. We conclude that the participation of the prosecutor's office does not merit application of the good-faith exception to the exclusionary rule. The trial court erred in holding that the exception applied.

{¶ 20} Because the good-faith exception to the exclusionary rule does not apply, we sustain the second assignment of error, reverse the trial court's judgment, and remand for

further proceedings, including the issuance of an entry granting Mendell's motion to suppress.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

(Hon. William H. Harsha, Fourth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck
Andrew T. French
Jennifer S. Getty
Hon. Frances E. McGee