[Cite as *State v. Gard*, 2014-Ohio-531.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25727 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. JC 2012-7203 |
| v. | : | |
| | : | |
| DUSTIN GARD | : | (Juvenile Appeal from Common Pleas |
| | : |  Court, Juvenile Division) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of February, 2014.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHELE D. PHIPPS, Atty. Reg. #0069829, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorneys for Plaintiff-Appellee

WILLIAM O. CASS, JR., Atty. Reg. #0034517, 135 West Dorothy Lane, Suite 209, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}     Defendant-appellant Dustin Gard appeals from his conviction, following a no-contest plea, for Child Endangering, in violation of R.C. 2919.22(A), a first-degree

misdemeanor. Gard contends that the trial court erred when it accepted his no-contest plea to the charge without first deciding his pending motion to suppress statements he had made to an investigating police officer.

{¶ 2}    We conclude that the trial court did not err when it failed to rule on Gard's motion to suppress before accepting his no-contest plea. The issue of the admissibility of this evidence became moot, since the no-contest plea obviated the need to take any evidence on the issue of guilt. Crim.R. 12(I) only permits, as an exception to this general rule, the assertion on an appeal from a conviction based on a no-contest plea of error in a *ruling* on a pretrial motion to suppress. Accordingly, the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 3}    On Wednesday, June 27, 2012, Gard's two-month old infant son, who was in Gard's care at the time, was rushed to the hospital after he had apparently stopped breathing. Two days later, Gard was interviewed by Dayton Police Detectives Theresa Lawson and William Swisher. Lawson primarily conducted the interview, although Swisher also participated, asking some questions. An audiovisual recording of this interview, on two digital video disks, is in our record. When we reviewed the second of these two disks, the computer program used to play it consistently stopped responding about ten minutes before the end of the hour-and-twenty-seven-minute recording, so we have been unable to play the last ten minutes. In view of our disposition of this appeal, that inability is immaterial. An audiovisual recording of a subsequent interview, two days after the first, is also in our record. These recordings were admitted in evidence at the suppression hearing. No testimony was taken at the suppression hearing.

{¶ 4}     Gard was charged with Endangering Children, in violation of R.C. 2919.22(A), a misdemeanor of the first degree.  He moved to suppress all the statements he made to police officers during his two interviews at the police station, contending that the statements were obtained in violation of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

{¶ 5}     Gard's motion to suppress came on for a hearing.  No testimony was taken, but the audiovisual recordings of the interviews, and the signed pre-interview forms, were admitted in evidence by stipulation of the parties.  The trial court heard argument, but did not render a decision.

{¶ 6}     While his motion to suppress remained pending, Gard pled no contest to the charge.  For its part, the State agreed not to charge Gard with a homicide offense in connection with the death of his son, unless additional evidence should come to light.

{¶ 7}     The trial court accepted Gard's plea, found him guilty as charged, and sentenced him to 90 days imprisonment in jail, ordered "both a Mental Health and AoD Assessment," a psychiatric evaluation, compliance with the recommendations of the assessments and evaluation, no contact between Gard and two named individuals, and Gard's submission "to random urine tests no less than every fifteen days upon release from jail."   It appears from the transcript of the sentencing hearing that the trial court intended to sentence Gard to 180 days in jail, with 90 of those days conditionally suspended, but the trial court's judgment entry specifies imprisonment in jail for 90 days.

{¶ 8}     Gard appeals from his conviction and sentence.  He raises three assignments of error:

THE COURT ERRED WHEN IT DID NOT SUPPRESS THE STATEMENTS THE APPELLANT MADE PRIOR TO BEING ADVISED OF HIS MIRANDA RIGHTS.

THE APPELLANT DID NOT MAKE A VOLUNTARY, KNOWING AND INTELLIGENT WAIVER OF HIS MIRANDA RIGHTS DURING THE FIRST INTERVIEW.

ALL STATEMENTS THE APPELLANT MADE AFTER HE REQUESTED AN ATTORNEY SHOULD HAVE BEEN SUPPRESSED.

## II. Gard's Suppression Issues Have Not Been Preserved for Appellate Review

{¶ 9} In general any errors by a trial court concerning the admission or exclusion of evidence are necessarily harmless when a criminal defendant subsequently pleads guilty or no contest, since the defendant's conviction, being derived from the plea, has not been affected by the trial court's error. Crim.R. 12(I) creates an exception to this general rule:

> The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in *ruling* on a pretrial motion, including a pretrial motion to suppress evidence. (Emphasis added.)

{¶ 10} One might suppose that a ruling on an evidentiary motion could not be prejudicial error when a defendant subsequently pleads no contest, since the conviction does not depend upon the evidence, but the rule, at least as it specifically refers to a pretrial motion to suppress evidence, would be meaningless if a defendant had to show prejudicial error in that sense. Therefore, it is generally accepted that the trial court's error in overruling a motion to suppress evidence will survive a plea of no contest if the error would have been prejudicial if the

defendant had gone to trial rather than plead no contest.

{¶ 11}   But the exception to the general rule created by Crim.R. 12(I) is expressly limited to erroneous rulings on pre-trial motions; an unruled-upon motion does not create error that can be preserved for appellate review.  *State v. Mendell*, 191 Ohio App.3d 325, 2010-Ohio-6107, 945 N.E.2d 1130, ¶ 22 (2d Dist.).   In the case before us, the trial court never ruled upon Gard's motion to suppress.  It would be presumptuous of us to assume that the trial court would have committed error if it had ruled on the motion.  The trial court had no need to rule upon the motion once Gard pled no contest, because Gard's conviction was based upon the plea, not upon any evidence.   The unruled-upon motion to suppress became moot, because there was not going to be any evidentiary hearing on the issue of Gard's guilt or innocence of the offense with which he was charged.

{¶ 12}   The situation of a no-contest plea accepted with a motion to suppress pending is different from a situation in which a trial court's proceeding to trial and judgment is inconsistent with granting relief on a pending motion.   Where, for example, a defendant moves for the disclosure to him of the alleged victim's diaries, but the trial court proceeds to trial and a judgment of conviction without ever ruling on the defendant's motion, it may safely be presumed that the trial court found the motion to be without merit, and effectively overruled it; the defendant was forced to proceed to trial without the diaries having been disclosed to him.  *State v. Hebdon*, 12th Dist. Butler Nos. CA2012-03-052, and CA2012-03-62, 2013-Ohio-1729, ¶ 4.

{¶ 13}   There is nothing in the record of the case before us to indicate that Gard objected to the trial court's accepting his no-contest plea without first ruling on the suppression motion. And if Gard had withheld tendering his plea until after the trial court had ruled on his motion to

suppress, he would have run the risk that the trial court would overrule his motion to suppress, and the State would then offer less consideration, or no consideration at all, for his plea.

{¶ 14}   All of Gard's assignments of error are overruled.


## III.   Conclusion

{¶ 15}   All of Gard's assignments of error having been overruled, the judgment of the trial court is Affirmed.


. . . . . . . . . . . . .

HALL and WELBAUM, JJ., concur.


Copies mailed to:

Mathis H. Heck, Jr.
Michele D. Phipps
William O. Cass, Jr.
Hon. Nick Kuntz